Ewing, C. J.
The reasons assigned by the counsel of the defendant, for setting aside the verdict in this case are, that it is 1st. Against law. 2dly. Against evidence. And 3dhj. Against the charge of the judge.
1. Against the law of the case. The action was brought by process returnable to the term of May 1822, on a bond dated March 29th 1799, conditioned for the payment of £100, in ten annual instalments, of .610 each, with interest, the first of which was to be paid on the first day of June 1800,
One of the pleas was, that the cause of action of the plaintiff? did not accrue within sixteen years next before the commencement of the suit: upon which issue was joined; and on this* issue, the verdict was found for the plaintiffs.
The first payment mentioned in the condition of the bond, was to have been made on the first of June 1800 ; the others in the succeeding years; and the last on the first day of June 1809, and consequently, the times when four instalments fell due, are within the period of sixteen years prior to the suing out of the writ.
If then, any cause of action on this bond, accrued within this period of sixteen years, the verdict on this bond is right.
The defendant’s counsel contends, and in this, the error of the verdict in point of law consists, as he alleges, that the time mentioned in the statute of limitations begins to run, and is to be computed from the date of the bond and not from the times of payment.
This position is entirely unsound; the converse of the proposition is settled law ; the period mentioned in the statute is to be counted from the time of payment, and not from the making of the promise. Preckle v. Moor-1 Ventr. 191; Anonymous 1 Mod. 89; Sawkill v. Warman, 10 Mod. 104; Gould v. Johnson, 2 Lord Raymond 838; S. C. 2. Salk. 422; Topham w. Braddick, 1 Taunt. 571; Holmes v. Kerrison, 2 Taunt. 323; Fenton v. Emblers, 1 W. B. 353; S. C. 3 Burr. 1281. In ike former book, Lord Mansfield is reported to have said ; ;s The statute proceeds upon the presumption of laches which *116 cafl never happen until after the contingency is determined ;33 and in the latter report more explicitly. “ No one can doubt, but l^e ^ar °nly takes place from the time when the right accrued, and not from the time of making the promise.” In Wittersheim v. Carlisle, 1 H. B. 635, the court speaking of a contract for the repayment of money at a specified time say, “ until that contract was broken, there was no cause of action.” If it be said, the Cases to which I have referred arose on simple contracts and not on bonds or specialties, the reason is obvious, because in England no statute of limitations exists as to bonds 5 and the answer is plain and satisfactory, the principle applies with equal propriety and force to a bond, as to a promisory note, or other simple contract. Constructio ad principia refertur rei. Another answer is afforded by our statute of limitations. It speaks of the condition of the obligation for the payment of money, and refers the period of time not to its date, but to the accrual of the cause of action. Indeed, the construction might ^almost deserve to be called absurd, which would make the time of limitation, which as Lord Mansfield said, proceeds on the idea of laches, to commence before the day; when the creditor could demand his money, and to be running while he is nece.s» v sarily compelled to stand still.
-' It follows then, that the plaintiffs in this case did shew, that a.cause of action accrued within 16 years, and the verdict on this bead is right. But it is said the statute had run against some of the instalments, as they were older than the term of sixteen years. This remark has no place in the consideration of this head, for if so, as some of the instalments were within the term of sixteen years, thére was notwithstanding a cause of action on the bond. The remark properly relates, and so far as the state of the case will enable us, is to be examined under the next reason assigned, to which I now proceed.
2. The verdict is against evidence. Here it is to be premised, that every reasonable presumption should be made in favor of the verdict; that the party complaining, is bound to make its error manifest; and that we are in our investigation to look for the facts to.the transcript and postea and state of the case only) ‘ and by the state of the case, I mean to include those matters which are made part of it by proper references, and are exhibited to the court. The claim of the plaintiff was, as already men *117 doncd, upon a bond. The defendant claimed a set ofF for moneys paid to the use of the plaintiff’s testator, and also alleged a settlement between them to have taken place ; in proof of which lie produced an instrument of writing. This paper it was allegad, on the other side, had been altered in a material part; and tif this alteration some evidence, to say the least, was given 5 the question of alteration was properly before the jury and without intending to insinuate any opinion as to the fact of alteration, there is no ground to believe that the verdict is against the evidence. The jury found there was due to the plaintiffs 533 dollars. As to the form of verdict in specifying a sum, it is proper to remark, that our statute directs that where a defendant has pleaded payment and given notice of set off, if upon trial a bond with a penalty to secure the payment of money only, shall be given in evidence for the plaintiff or defendant, the sum bona fide, and in equity due, and not the penalty shall be deemed and taken to be the debt due; and if it shall appear that any part of the debt or sum demanded, has been paid or satisfied, then such part shall operate as a payment; and so far extinguish the said debt or sum, and the jury shall set off or discount ::o much as has been paid or satisfied, and find a verdict for the amount of the residue or balance; but if the action has been brought on a bond or obligation for the payment of money, and the plaintiff shall recover, judgment shall be entered for the penalty of the bond or obligation, to bo discharged by the payment of the sum found by the verdict, with interest and costs, where costs ought to be awarded. Hence it was proper in this case, I speak merely of the form of the verdict at present, for the jury to find the sum due the plaintiff; and such course this court sanctioned in the case of Smock v. Warford, 1 South 306. With respect to the sum in the present case found by the jury, and its propriety and consistency with the evidence, we are unable to make a close or minute scrutiny. We have not the materials to make out a calculation and thus test the accuracy of the verdict. It appears from the state of the case that certain receipts were read in evidence to support the claim of set off; and some allowance must unquestionably have beet) made on account of them ; but neither in the state of the caso, nor by any documents produced before us, nor even in the; written arguments of the counsel of the parties, are we fum'sfe *118 ed with either dates or sums. If indeed no legal view of the fact, so far as they are disclosed to us, can lead to such a result as the jury has obtained, the verdict ought not to stand. But if without contravening any fact before us, such an amount might, on legal principles, be found, we are bound to presume it in the absence of any evidence to the contrary, and the verdict therefore can not be disturbed. Our statute of limitations directing suits on obligations for the payment of money, to be commence^ within sixteen years next after the cause of action shall have accrued, has this farther provision: “ If any pay» ment shall have been made, on any such specialty, within or after the said period of 16 years, then an action instituted on such specialty, within 16 years after such payment, shall be good and effectual in law.” Bearing this rule in mind, there is no difficulty in making a calculation and statement, which shall' produce 533 dollars remaining due at the time of the (rial, without violating any precept of the statute of limitations. Whether the dates and sums of this calculation would correspond with those contained in the receipts, I am unable to say, for, as already remarked, the dates and sums have not been stated to us. It is clear they would not be contradicted by any fact exhibited to us. And this consideration is enough for the present, for before we are at liberty to set aside this verdict, we are required clearly to shew and distinctly to prove that it is inconsistent with the evidence.
It would be'a source of deep regret, if we should not have been able to attain or decide the real merits of the controversy between these parties for want of a more full state of the case. It, however, ought to be observed that the paper before us was not drawn up by the judge, who tried the cause, but by the counsel of the defendant; and knowing his care and circumspection, may we not fairly suppose he has made the most of his case?
I am not, therefore, satisfied that this verdict is against evidence.
3. The third reason is, that the verdict is against the charge of the court. The charge is not contained in the state of the case, and has not been in any way laid before us. This reason therefore, is not sustained. In the brief of the defendant’s counsel, by way of reply, two positions are mentioned which we may not pass unexamined. He says, there “ is a plea of payment, and after 20 years it is sufficient to plead payment and rest on the- *119 presumption, for no action can be maintained on a bond after 20 years.” The presumption, however, was always liable to be overcome by circumstances, and especially by proof of payments. But the vague and uncertain rule of the English courts, founded on a presumption of satisfaction, after a lapse of 20 years, is in this state supplied by a plain rule prescribed by act of the legislature, a definite period of sixteen years. No resort therefore, can be had to the doctrine of presumption. Nor, indeed, needs there be, for the statute will raise a bar before the presumption could operate.
The other position is, that the defendant was surprised on the* trial, by an objection made to the date of the paper, containing the alleged settlement, which a new trial will enable him to explain 5 of this surprise there is no verification, and we are not at liberty therefore to give it consideration.
Let the rule to shew cause be discharged.
Drake, J. declined giving an opinion, stating that the cause had been submitted to the court on written arguments, copies of which had accidentally been prevented from reaching him before the present term.